UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BRIAN OSBORN,                                                                      No. 05-11639

　　　　　　　　Debtor(s).
_____/

Memorandum re Plan Confirmation
_____

　　　　Debtor Brain Osborn has proposed a Chapter 13 plan whereby he will pay $1,350.00 per month for 36 months to the Chapter 13 trustee. After payment of mortgage arrears, there will be a pot of about $43,000.00 for unsecured creditors to share. Unsecured creditor Tor Perkins objects.

　　　　Osborn is a licensed architect and general contractor. Perkins has filed a claim for $282,393.00 based on "construction liability." Perkins alleges that Osborn overcharged him for design and construction work on Perkins' home in Mill Valley. A state court lawsuit was pending when Osborn filed his Chapter 13 petition.

　　　　Perkins has raised three objections to confirmation. First, he alleges that Osborn was not eligible because his total debt exceeded the limit of § 109(e) of the Bankruptcy Code. Second, he alleges that due to a fraudulent transfer of property to his wife which would be avoided in Chapter 7 Osborn's plan fails to meet the requirements of § 1325(a)(4). Third, he alleges that the plan has been proposed in bad faith.

　　　　Osborn is ineligible for Chapter 13 only if Perkins' claim is considered liquidated. Osborn

1

claims that his debt is liquidated because he can easily calculate it, but that is not the test. His claim is only liquidated if the court can easily calculate it.[1] Perkins' claim is about as unliquidated as a claim can get; a full trial will have to be held to consider liability, each item of damages, and Osborn's $107,000.00 counterclaim.[2] The claim is not subject to ready determination and precision in computation of the amount due, as required by *In re Nicholes,* 184 B.R. 82, 91 (9th Cir.BAP 1995). Osborn accordingly is eligible for Chapter 13 relief.

In 2003, Osborn and his wife changed title to their home from community property to joint tenancy. Perkins argues that this was a fraudulent transfer and which a Chapter 7 trustee would avoid and which would result in a larger dividend for him in Chapter 7 than Osborn's Chapter 13 plan affords him.

While the court remains unconvinced of Osborn's argument that transmutation of community property to joint tenancy is never fraudulent, it rejects completely Perkins' argument that Osborn has forfeited his homestead exemption as to the half of the property which was in his name on the date of filing of his bankruptcy. California Code of Civil Procedure § 704.710(c) defines a homestead as the dwelling in which the debtor resides; § 704.720(a) provides that a homestead is exempt. Perkins has cited no case where any court has held that a debtor who transmutates community property to joint tenancy forfeits all homestead rights.

Under bankruptcy law, a debtor is barred from exempting property which the trustee recovers by avoiding a fraudulent transfer. 11 U.S.C. § 522(g). However, Osborn's joint tenancy interest does not fall within this bar because as to this interest there is nothing for the trustee to recover. Section 522(g) only applies to property restored to the estate, not property already in the estate on the date of filing. See

---

[1]Perkins' argument that his claim is easily calculated requires the court to accept the findings of a non-binding arbitrator. However, because the arbitration was non-binding the court would have to take evidence on each and every issue decided by the arbitrator.

[2]In addition, Perkins' claim includes $90,000.00 in "loss of rental value," which is a number pulled out of the ether by Perkins and will require expert testimony to substantiate.

2

*In re Glass,* 60 F.3d 565, 568 (9th Cir. 1995).

Because there is so little equity in the property, the transmutation from community property to joint tenancy had no economic effect as long as Osborn had homestead rights in the property on the date he filed. Since he had such rights, a Chapter 7 trustee would not recover anything on account of the transmutation[3] and Osborn's plan accordingly meets the requirements of § 1325(a)(4).[4]

The only argument raised by Perkins which gives the court much pause is his argument that the transmutation from community property to joint tenancy is evidence bad faith. There is certainly every indication that this was done in order to reduce the consequences to Osborn's wife if Perkins obtained a judgment against Osborn. However, a fraudulent transfer is not *per se* bad faith so as to make an otherwise confirmable plan unconfirmable. None of Osborn's actions were taken in secret or concealed from Perkins or the Chapter 13 trustee. So long as Osborn's creditors are not faring worse under his Chapter 13 plan than they would fare under a hypothetical Chapter 7, the requirements of the Bankruptcy Code are met. Osborn's plan calls for large monthly payments and a significant dividend to creditors. Viewing all of the circumstances as a whole, the court finds good faith.

For the foregoing reasons, Osborn's plan will be confirmed. Counsel for Osborn shall submit an appropriate form of order.

Dated: May 30, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[3] Or, if anything was recovered on account of the transmutation it would be smaller than the amount Osborn is to pay under his plan, so the plan still meets the requirements of § 1325(a)(4).

[4] After the court expressed scepticism about Perkins' forfeiture-of-homestead argument, Perkins argued that the $80,000.00 second deed of trust on the property was fraudulent or allowed Osborn to conceal assets. After further testimony, the court concludes that equivalent value was paid for the deed of trust and the proceeds were properly used to improve Osborn's home. While this was probably pre-bankruptcy planning, such conduct is permissible and neither the deed of trust nor the loan proceeds would be avoidable by a Chapter 7 trustee.